WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:  702 258-8200
bk@wildelaw.com
Fax:  702 258-8787

Counsel for Americas Servicing Company,
and Bank of America National Association
as Successor by Merger to LaSalle Bank National
Association, as Trustee for Morgan Stanley
Mortgage Loan Trusts 2006-6AR

Electronically filed on 2/11/10

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No. 09-21995 MKN |
| Vanessa D. Campbell, | Adv. No. 09-01289 MKN |
| Debtor | Date:  February 12, 2010 |
| | Time:  1:30 p.m. |
| Vanessa D. Campbell, | |
| Plaintiff | Chapter 13 |
| vs. | |
| Americas Servicing Company, and Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trusts 2006-6AR,  DOE Corporations I through X; and ROE ENTITIES XI through XX, | |
| Defendants. | |

**Defendants' Opposition to Plaintiff's Emergency Motion for Preliminary Injunction**

1

C:\Users\Jade\Documents\campbell opp2stay.doc

COMES NOW, Defendants, by and through counsel, and file this opposition stating as follows:

1. **Undisputed Facts**

The facts of this case are not in dispute. This Court need only apply the current law concerning the effect of multiple bankruptcies being filed on a pending foreclosure.

The initial foreclosure sale was set for May 1, 2009, but this Plaintiff filed her first bankruptcy case, that same day, thereby staying any sale. Case No. 09-16968 here in the Las Vegas valley.

Pursuant to both state and federal law, the foreclosure sale was orally postponed to July 1, 2009. (See "Certificate of Postponement" attached hereto as exhibit "A"). This practice is very common to preserve a foreclosure sale when a bankruptcy is filed to see if the debtor properly complies with bankruptcy procedure.

The Plaintiff's first bankruptcy case was dismissed on June 25, 2009, thereby ending any automatic stay or protection from bankruptcy.

The foreclosure sale was held on July 1, 2009, extinguishing Plaintiff's rights to the subject property. Attached is a copy of the Trustee's Deed Upon Sale as exhibit "B").

The Plaintiff filed her second bankruptcy on July 7, 2009, case number 09-21995, resulting in a temporary stay for thirty (30) days and she did not file a motion to extend the stay during this period.

The subject property was initially reported as vacant when eviction proceedings were initiated but Defendants later learned that was not the case. An unlawful detainer action was filed in the Justice Court Las Vegas Township on December 2, 2009, seeking a writ of restitution. Case 09C-047327.

2

C:\Users\Jade\Documents\campbell.opp2stay.doc

1    Finally on January 21, 2010, the Las Vegas Justice Court held the unlawful detainer

2 hearing, listened to the parties' arguments, and ordered that a writ issue to evict the

3 Plaintiff from the subject premises.  However, the justice court judge stayed the

4 execution of the writ until February 20, 2010.

5

6    **2.  <u>Law and Argument</u>**

7        The standard for a preliminary injunction is outlined in Rule 65 of the Federal

8 Rules of Civil Procedure, which Bankruptcy Rule 7065 makes applicable in adversary

9 proceedings.  The Rule is clear that a party seeking an injunction must meet *all* of the

10 elements.

11

12        Ordinarily, a plaintiff seeking a preliminary injunction must demonstrate that it is
        "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm
13        in the absence of preliminary relief, [3] that the balance of equities tips in his
        favor, and [4] that an injunction is in the public interest.
14

15
<u>Am. Trucking Ass'ns v. City of Los Angeles,</u> 559 F.3d 1046, 1052 (9th Cir. 2009)
16

17        The Plaintiff cannot succeed on the allegations contained in her complaint.  She

18 mistakenly asserts in paragraph eight (8) of the complaint that once a foreclosure sale is

19 stayed by a bankruptcy filing, a debtor must be given a subsequent notice of twenty-one

20 (21) days pursuant to NRS 107.080.

21

22        A review of that statute clearly shows that there does not exist such a requirement.

23 In fact, for a long time, Nevada law has allowed for oral postponements of a foreclosure

24 sale.

25        Ordinarily where, in the first instance, notice of sale has been given by
        publication and posting as required by statute, postponements may
26        lawfully be made by oral public proclamation only .... .
27

28

3

C:\Users\Jade\Documents\campbell.opp2stay.doc

McLaughlin v. Mutual Building & Loan Ass'n of Las Vegas, 57 Nev. 181, 60 P.2d 272 (Nev. 1936). It is interesting to note that the sale in McLaughlin was orally postponed over thirty (30) times.

The Nevada legislature recently placed a limit on the number of times a foreclosure can be orally postponed to three (3). Once a creditor reaches this number, it must proceed with another Notice of Sale. The statute reads:

> **Oral postponement of sale.**
> 1. If a sale of property pursuant to NRS 107.080 is postponed by oral proclamation, the sale must be postponed to a later date at the same time and location.
> 2. If such a sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080.

See NRS 107.082.

Furthermore, the Ninth Circuit has properly recognized that the continuance of a trustee's sale is not a violation of the automatic stay. See generally, First Nat'l Bank of Anchorage v. Roach (In re Roach), 660 F.2d 1316 (9th Cir. 1981). It is clear that the Defendants simply followed both State and Federal law in conducting the foreclosure sale.

Finally, because this present case is Plaintiff's second bankruptcy, 11 U.S.C. 362(c)(3)(A) provided for a thirty (30) day stay upon the filing of this second case which expired on August 7, 2009. Subsection (B) of this statute allows a party to file a motion to continue this temporary stay but Plaintiff did not take advantage of this potential relief. As a result, currently there is not an automatic stay prohibiting Defendants from proceeding with the eviction proceedings.

WILLIS & ASSOCIATES
212 S. Jones Blvd
Las Vegas NV 89107
Tel 258-8200 Fax 258-8787

4

1    In conclusion, the above statutory and case law clearly demonstrates that this

2 Plaintiff does not have a reasonable likelihood of success on the merits as applied to the

3 undisputed facts.

4

5    WHEREFORE, Defendants ask that this Court deny the Plaintiff's request for a

6 preliminary injunction.

7    Dated this 10th day of February, 2010.

8

9

Respectfully Submitted:

10

WILDE & ASSOCIATES
11

12

By /s/ Gregory Wilde_____
13

**GREGORY L. WILDE, ESQ.**
14 Attorney for Defendants

15

16                     **Certificate of Service**

17

18    I certify that on February 11, 2010, I faxed a copy of the foregoing document to

19 the Plaintiff's counsel at the following fax number.

20

Samuel A. Schwartz, Esq.
21 Fax No. (702) 385-2741

22

23

24

25

26

27

28

5

C:\Users\Jade\Documents\campbell opp2stay.doc

WILDE & ASSOCIATES
212 S. Jones Blvd
Las Vegas NV 89107
Tel 258-8200 Fax 258-8787

EXHIBIT "A"



**AGENCY SALES & POSTING**
A _ENDER PROCESSING SERVICES COMPANY

## CERTIFICATE OF POSTPONEMENT

T.S. NO. / TRUSTOR: <u>0843364ASRNV/VANESSA CAMBELL, A SINGLE WOMAN</u>
ASAP NO. / TRUSTEE: <u>3056721/ NDSC</u>

I, the undersigned, do hereby certify that on <u>05/01/2009</u> at the hour of <u>10:00 AM</u> at the same place as originally fixed by the Trustee in the Notice of Sale, did in my capacity as an authorized Agent of LPS-ASAP, postpone the holding of the Sale scheduled for said time and place, at the same place designated in the Notice of Sale in said matter.  Such postponement was given by public declaration wherein it was announced that the new date of the sale is <u>07/01/09</u>, the new time of the sale is <u>10:00AM</u> and the place of sale is the same place as originally fixed by the Trustee in the Notice of Sale.

FURTHER, it was announced that the reason for the postponement was:

**Bankruptcy**

I certify under penalty of perjury that the foregoing is true and correct.

BY: <u>SCOTT SIBLEY</u>                               Date: <u>05/01/09</u>

3210 El Camino Real Ste 200, Irvine, California 92602

Main Line (714) 724-7500 Toll Free (800) 683-2468

EXHIBIT "B"



20090713-0003558

Fee: $15.00   RPTT: $1,111.80
N/C Fee: $0.00

07/13/2009          11:01:17
T20090241433
Requestor:
DOCUMENT PROCESSING SOLUTIONS INC

Debbie Conway          OSA
Clark County Recorder  Pgs: 3

RECORDING REQUESTED BY :

WHEN RECORDED MAIL TO :
**Bank of America National**
2525 E. Camelback Road, Suite 200
Phoenix, AZ 85016
FORWARD TAX STATEMENTS TO:
**Bank of America National**
7495 New Horizon Way
Mail Stop - NAC # X3902-01F
Frederick, MD 21703

APN: 176-17-517-055

NDSC File No.  :      08-43364-ASR-NV
Loan No.      :      1127111329
Title Order No.  ϋϋϋ5 602106927

## TRUSTEE'S DEED UPON SALE

Transfer Tax : $1,111.80
The Grantee herein WAS the Beneficiary
The amount of the unpaid debt was $218,000.00
The amount paid by the Grantee was $218,000.00
The property is in the city of LAS VEGAS, County of CLARK, State of NV.

**National Default Servicing Corporation, an Arizona Corporation**, as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trusts 2006-6AR**

herein called Grantee, the following described real property situated in CLARK County :

**LOT 104, BLOCK 4, OF PARCEL 14 AT RHODES RANCH UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 116 OF PLATS, PAGE 71, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.**

This conveyance is made pursuant to the powers conferred upon Trustee by said Deed of Trust executed **VANESSA CAMPBELL, A SINGLE WOMAN** , as Trustor, recorded on 01/23/06, Instrument No. 20060123-0004223 Official Records in the Office of the County Recorder of CLARK County, NV.

All requirements of law regarding the recording and mailing of copies of the Notice of Default and Election to Sell, the recording, mailing, posting, and publication of the Notice of Trustee's Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 07/01/09 Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, which amount was $218,000.00.

Dated : 7/2/09                    National Default Servicing Corporation, an Arizona Corporation

                                  By: _____
                                      Jamie Gorsuch, Trustee Sales Officer

STATE OF ARIZONA
COUNTY OF MARICOPA

On _____/ /2_____, 2009, before me, Pamela Cardy, a Notary Public for said State, personally appeared Jamie Gorsuch, who personally known to me (or who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Arizona that the foregoing is true and correct.

**WITNESS** MY HAND AND OFFICIAL SEAL



Pamela Cardy
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
JUNE 8, 2011

STATE OF NEVADA
DECLARATION OF VALUE FORM

1  Assessor Parcel Number(s)
   a) 176-17-517-055
   b) _____
   c) _____
   d) _____

2  Type of Property:

| | | | | | |
|---|---|---|---|---|---|
| a) | ☐ Vacant Land | b) | ☒ Single Fam. Res. | | |
| c) | ☐ Condo/Twnhse | d) | ☐ 2-4 Plex | | |
| e) | ☐ Apt. Bldg | f) | ☐ Comm'l/Ind'l | | |
| g) | ☐ Agricultural | h) | ☐ Mobile Home | | |
| | ☐ Other _____ | | | | |

FOR RECORDER'S OPTIONAL USE ONLY
Book: _____ Page: _____
Date of Recording: _____
Notes: _____

3.  a  Total Value/Sales Price of Property                    $218,000.00
    b  Deed in Lieu of Foreclosure Only (value of property)  (_____)
    c  Transfer Tax Value:                                    $218,000.00
    d  Real Property Transfer Tax Due                         $1,111.80

4.  **If Exemption Claimed:**
    a  Transfer Tax Exemption per NRS 375.090. _____.
    b  Explain Reason for Exemption: _____

5.  Partial Interest:  Percentage being transferred: _____%
        The undersigned declare and acknowledges, under penalty of perjury, pursuant to NRS. 375.060 and NRS
    375.110, that the information provided is correct to the best of their information and belief, and can be
    supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the
    parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may
    result in a penalty of 10% of the tax due plus interest at 1% per month.  Pursuant to NRS 375.030, the Buyer
    and Seller shall be jointly and severally liable for any additional amount owed.

Signature  *Jamie Gorsuch*                          Capacity  Grantor
           Jamie Gorsuch, 08-43364-ASR-NV

Signature _____                      Capacity  Grantee
          **SELLER (GRANTOR) INFORMATION**          **BUYER (GRANTEE) INFORMATION**
                                                    Bank of America National
          National Default Servicing Corp.          7495 New Horizon Way
          2525 E. Camelback Rd., Suite 200          Mail Stop - NAC # X3902-01F
          Phoenix, AZ 85016                         Frederick MD 21703

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Print Name: _____ ServiceLink _____       Escrow #: 100210697
              560 E. Hospitality Lane, Suite 150
Address: _____ San Bernardino, CA 92... ____

City: _____    State: _____  Zip: _____

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

3558